IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-21-F-1

PHILLIP HARDY,                          )
                                        )
            Petitioner,                 )
                                        )
vs.                                     )          ORDER
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )
_____)

Before the court is Petitioner's *pro se* motion for to obtain a free copy of his sentencing transcript. [DE 62].

On July 14, 2014, Petitioner pled guilty, pursuant to a written plea agreement [DE 34], to one count of conspiracy to distribute and possess with the intent to distribute 1 kilogram or more of heroin, 21 U.S.C. §§ 841(b)(1)(A), 846 (count 1) and one count of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (count 7). On January 27, 2015, the court entered judgment [DE 47], sentencing Petitioner to a total of 180 months' imprisonment. Petitioner did not appeal his conviction or sentence; thus, his judgment became final February 10, 2015. *See* FED. R. APP. P. 4(b)(1)(A) (giving fourteen days to file a notice of appeal); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Petitioner states the transcript is needed to successfully "challenge his conviction." Given the procedural history of this matter, it appears Petitioner intends on collaterally challenging his conviction pursuant to 28 U.S.C. § 2255. The circumstances under which documents may be provided to indigent criminal defendants at the Government's expense are addressed by 28 U.S.C. § 753(f). Relevant here, a free transcript shall be provided to an indigent

criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies [ ] the suit . . . is not frivolous and [ ] the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); *see United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions"). That is, an individual requesting a free transcript for post-conviction matters must show a "particularized need" for the transcript. *United States v. Parker*, 273 F. App'x 243, 244 (4th Cir. 2008).

Here, Petitioner does not have a pending § 2255 motion before this court. Rather, Petitioner requests the transcript in anticipation of filing such a motion. Simply advising of one's need for a transcript for use in preparation for filing a § 2255 motion does not satisfy the "particularized need" requirement. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) (explaining an indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw").

For the foregoing reasons, Petitioner's motion [DE 62] is DENIED.

SO ORDERED.

This the 29th day of November, 2016.

*James C. Fox*

**JAMES C. FOX**
Senior United States District Judge