IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-21-FL-1
No. 5:17-CV-77-FL

| | |
|---|---|
| PHILLIP HARDY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 65, 67), petitioner's motion to remand (DE 79), and petitioner's motion to dismiss (DE 81). Also before the court is the government's motion to dismiss. (DE 73). The issues raised are ripe for ruling.[1] For the reasons that follow, this court denies petitioner's motions and grants the government's motion to dismiss.

## BACKGROUND

On July 14, 2014, pursuant to a written plea agreement, petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (count one); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count seven). On January 27, 2015, the court sentenced petitioner to a total of 180 months imprisonment.[2] Petitioner did not appeal his

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

[2] Petitioner was sentenced to 120 months on count one and 60 months on count seven, to be served consecutively.

judgment.

On June 26, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing: 1) there was insufficient evidence to support his conviction for using or carrying a firearm in furtherance of a drug trafficking offense (count two); 2) there was insufficient evidence to support the mandatory minimum sentence associated with his conviction for conspiracy to distribute heroin (count one); 3) the court lacked subject matter jurisdiction over petitioner's case; and 4) his trial counsel provided ineffective assistance of counsel. On May 1, 2017, the government filed its motion to dismiss petitioner's § 2255 motion, arguing that petitioner's motion is untimely. On May 31, 2017, petitioner filed the instant motion to remand. On July 13, 2017, petitioner filed the instant motion to dismiss.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Petitioner's motion to vacate is untimely, and therefore, it must be dismissed. A one-year period of limitations applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period

shall be measured from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on January 27, 2015. (See DE 47). Judgment became final after the time period for appeal expired in February 2015, and the limitation period ran until February 2016. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255 motion on February 6, 2017, at the earliest.[3] (See DE 65). Thus, petitioner was approximately one year out-of-time under § 2255(f)(1).

Petitioner argues that his motion is timely pursuant to § 2255(f)(3). Petitioner, however, points the court to no such event. Petitioner cites several cases decided more than a year prior to the filing of the instant § 2255. Even if those cases recognized a new right made retroactively applicable on collateral review, petitioner's claims based on that right would be untimely. Petitioner also cites to Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), a case decided by the Supreme Court within one year prior to his filing his § 2255 motion. Molina-Martinez involved the

---

[3] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner's § 2255 motion is dated February 6, 2017. See Mot. Vacate (DE 65-1) at 21.

standard of proof required for a defendant bringing a claim based on an unpreserved error in his Sentencing Guidelines calculation, an issue that is not present here. Thus, Molina-Martinez provides petitioner with no relief. Consequently, petitioner's supplement is not timely pursuant to § 2255(f)(3).

Petitioner has also failed to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing). Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 motion. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding that attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his § 2255 motion. Accordingly, petitioner's motion to vacate must be dismissed as untimely.

Plaintiff additionally asserts claims in his motion to remand, arguing that his case was improperly removed to federal court (Mot. Remand (DE 79) at 1) and in his motion to dismiss,

4

arguing this court lacks subject-matter jurisdiction to charge petitioner in a federal indictment for conduct that did not take place on federal property (Mot. Dismiss (DE 81) at 1-4). Petitioner's motions are additional attacks on the validity of his conviction, and for the same reasons articulated above, are untimely.

B.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, this court DISMISSES petitioner's motion to vacate (DE 65, 67), GRANTS the government's motion to dismiss (DE 73), DENIES petitioner's motion to remand (DE 79), and DENIES petitioner's motion to dismiss (DE 81). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge